IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| TARA VANDAVEER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 09-55-GPM |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Tara Vandaveer filed this action on January 16, 2009, pursuant to the Federal Tort Claims Act ("FTCA"). In her original complaint (Doc. 2), she alleges that a physician, Chukwuma Okoroji, M.D., "committed a battery" upon her during treatment at Southern Illinois Healthcare Foundation in Granite City, Illinois. In her amended complaint (Doc. 12), Vandaveer adds the allegation that Dr. Okoroji committed a battery upon her "during the performance of a medical procedure."

The United States seeks to dismiss Vandaveer's complaint for lack of subject matter jurisdiction. Battery is one type of claim excepted from the FTCA, the United States argues, and if the exception applies, the Court lacks jurisdiction to hear the case. *See Dalehite v. United States*, 346 U.S. 15, 24 (1953), *partially overruled on other grounds, Rayonier, Inc. v. United States*, 352 U.S. 315 (1957) (noting that the FTCA requires clear relinquishment of sovereign immunity for a district court to have jurisdiction over a tort action). But the United States acknowledges that Judge Posner recently suggested that an exception to liability under the FTCA is not jurisdictional. *See Collins v. United States*, 564 F.3d 833, 837-38 (7th Cir. 2009). Either way, the Court sees the issue

here as whether the United States has waived its sovereign immunity to Vandaveer's claim. As Judge Posner explained in *Collins*,

> Because of its sovereign immunity, the federal government does not have to allow people to sue it. But almost all statutes that create a right to sue are matters of grace, in the sense that the legislature was not required to enact the statute under which the plaintiff is suing. '[W]hat sovereign immunity means is that relief against the United States depends on a statute; the question is not the competence of the court to render a binding judgment, but the propriety of interpreting a given statute to allow particular relief.'

*Collins*, 564 F.3d at 837-38 (*quoting United States v. Cook County*, 167 F.3d 381, 389 (7th Cir. 1999)).

The parties seem to agree that a battery claim is an exception to liability under the FTCA, *see* 28 U.S.C. § 2680(h), but they also point out that 42 U.S.C. 233(e) abrogates the United States's immunity for a battery committed by a Public Health Service employee when the battery arises "out of negligence in the performance of medical, surgical, dental, or related functions. . . . " 42 U.S.C. § 233(e). According to Vandaveer, Section 233(e) brings her claim within the FTCA's coverage because her claim arises out of a medical procedure.

But Vandaveer has not alleged that her injuries were the result of *negligence* during the performance of a medical procedure by a Public Health Service employee, only that a battery was committed during the performance of an unidentified medical procedure by Dr. Okoroji. Thus, it appears that the United States may not have waived its sovereign immunity for her claim at all. *See Lojuk v. Quandt*, 706 F.2d 1456, 1461 (7th Cir. 1983) (noting that "[a]n examination of other official immunity statutes indicates that Congress knew suits against the United States for assault and battery in medical treatment cases would be barred under the FTCA.").

Accordingly, the motion to dismiss (Doc. 13) is **GRANTED**, and the complaint is

**DISMISSED without prejudice**.  Plaintiff will be given one more opportunity to plead a claim under the Federal Tort Claims Act.  Her second amended complaint shall be filed, if at all, no later than **August 7, 2009**.

    **IT IS SO ORDERED.**

    DATED: 7/24/09

s/ *G. Patrick Murphy*
G. Patrick Murphy
United States District Judge
